UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL AIR DUCT CLEANERS
ASSOCIATION, et al.,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                        Case No. 1:10-cv-00798

DUSTIN MEYERS,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 78), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B).

In its complaint, plaintiff alleges that defendants were using its registered trademark and trade name without permission in the advertisement of defendants' business. After being served with the complaint, defendant Dustin Meyers, through counsel, filed his answer (Dkt. 6) and amended answer (Dkt. 13). During the course of discovery, on August 9, 2011, counsel for defendant Dustin Meyers was allowed to withdraw and defendant Dustin Meyers was ordered to serve responses to outstanding discovery requests within 60 days (Dkt. 38). On January 5, 2012, plaintiff requested that default be entered against defendant Dustin Meyers for failure to provide the ordered discovery responses (Dkt. 53).

On January 10, 2012, before the issue of defendant's default could be considered, a Notice of Bankruptcy was filed (Dkt. 54) and on February 3, 2012, and order recognizing the automatic stay of these proceedings due to bankruptcy and administratively closing the case against defendant Dustin Meyers was entered (Dkt. 55). On April 30, 2012, after termination of the bankruptcy proceeding, the stay was lifted and the case against defendant Dustin Meyers was ordered reopened (Dkt. 64).

On May 24, 2012, defendant Dustin Meyers was ordered to show cause why the previously filed application for default (Dkt. 53) should not be granted (Dkt. 69). However, the case was again stayed and administratively closed regarding defendant Dustin Meyers due to bankruptcy proceedings on June 7, 2012 (Dkt. 71). On August 29, 2012, upon notification that the bankruptcy proceedings were concluded, the court reopened the matter and ordered that defendant Dustin Meyers would have 14 days to file a response to the order to show cause entered May 24, 2012 (Dkt. Nos. 76 and 69). He did not, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to defendant Dustin Meyers on September 28, 2012 (Dkt. Nos. 77 and 81).

Plaintiff's motion for entry of default judgment against defendant Dustin Meyers was filed on October 11, 2012 (Dkt. 79). A hearing on the motion was set for November 26, 2012. Defendant Dustin Meyers filed no response to the motion. Plaintiff, through counsel, appeared for the November 26, 2012 hearing on the motion for default judgment. Defendant Dustin Meyers did not appear for the hearing or contact the court in any way.

STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or
>>
>> (D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

DISCUSSION

Plaintiff's complaint alleges that defendant Dustin Meyers was a principal of Grand Rapids Air Duct Cleaning, LLC. In his answer, defendant Dustin Meyers admits to being a member of Grand Rapids Air Duct Cleaning, LLC (Dkt. 13 at ¶ 5). The complaint also alleges

that Grand Rapids Air Duct Cleaning, LLC and defendant Dustin Meyers violated the Lantham Act, 15 U.S.C. § 1116(A), et seq., causing damages. Defendant Dustin Meyers has now been defaulted as to these allegations. Default judgment has been entered against Grand Rapids Air Duct Cleaning, LLC (Dkt. 68), and should now be entered against defendant Dustin Meyers for similar injunctive relief, damages and attorney fees.

## DAMAGES

As a defaulted principal of the company, defendant Dustin Meyers should be assessed damages in the same amount as were assessed against his company, Grand Rapids Air Duct Cleaning, LLC, i.e., $150,000 plus interest. (Dkt. 79, Exh. B to Exh. 2, Affidavit of John Schulte, Page ID #331; and Judgment against Grand Rapids Air Duct Cleaning, LLC, Dkt. 68).

## INJUNCTIVE RELIEF

As with defendant Grand Rapids Air Duct Cleaning, LLC, plaintiff is entitled to injunctive relief against defendant Dustin Meyers, permanently enjoining defendant from using plaintiff's name and mark (Dkt. 79, Exh. 2, Page ID #325).

## FEES AND COSTS

Plaintiff has supported its request for attorney fees in the amount of $14,767.07 (Dkt. 79, Exh. D to Exh. 2, Affidavit of Mindi M. Johnson, Page ID #356).

CONCLUSION

The undersigned is satisfied that plaintiff has complied with Fed. R. Civ. P. 55(b), has held a hearing pursuant to Fed. R. Civ. P. 55(b)(2) regarding damages, and recommends that judgment be entered in favor of plaintiff against defendant Dustin Meyers in a form substantially consistent with the proposed judgment attached as Exhibit 3 to plaintiff's brief in support of its motion (Dkt. 79, Exh. 3, Page ID #397-401).

Respectfully submitted,

Date:  December 6, 2012           /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).